Carswell vs. Mason, Adm'r.

CARSWELL vs. MASON, Administrator.

*September 22 — October 10, 1882.*

Findings of fact by a county court are sustained on the ground that they are in accord with the weight of evidence.

APPEAL from the County Court of *Fond du Lac* County. The complaint alleges the sale, by the plaintiff and one Sewell, under the firm name of Carswell & Sewell, of goods and merchandise to the defendant Thomas Mason; that the said firm had been dissolved; that the plaintiff was the owner of the account for such goods and that the defendant was indebted to him thereon in the sum of $83.64 and interest. The answer alleges that previous to the purchase of the goods mentioned in the complaint, the defendant had sold his stock of dry goods to Sewell, who had paid for the same in part only, leaving a balance due to the defendant; that Sewell had sold such dry goods to the plaintiff, and that the plaintiff knowing of the balance due to the defendant had agreed that the same should become a debt of the firm of Carswell & Sewell; and that it was agreed that the goods and merchandise purchased by the defendant from said firm should apply on the balance so due to him. The case was

tried by the court without a jury. The evidence and the findings of the court sufficiently appear from the opinion. The plaintiff appealed from a judgment in favor of the defendant.

*Elihu Colman*, for the appellant.

*De W. C. Priest*, for the respondent.

Cole, C. J. The learned county court found, as a fact established by the evidence, that the firm of Carswell & Sewell sold and delivered to the defendant the goods and merchandise mentioned in the complaint, to apply in part payment of the sum of $268.11, the balance found due the defendant when he sold his interest in the partnership to Sewell. The court also found that the partners, the plaintiff and Sewell, agreed to pay that sum. The only question then arising on the record which we need consider is whether there was sufficient evidence to warrant these findings. If there is we cannot disturb them. That there is ample evidence to sustain the findings, it seems to us, cannot be successfully denied. True, the plaintiff says that he never agreed, either on his own behalf or for the firm of Carswell & Sewell, to assume the payment of this $268.11, and that the goods purchased by Thomas Mason were not to apply on that account. Mason denies this. Sewell testified that the plaintiff knew the goods, which were purchased by Thomas Mason of the firm of Carswell & Sewell, were to be applied on that balance. The testimony also of Miss Mason tends somewhat to corroborate the claim that the goods in question were to be thus applied. In this state of the proofs it is quite manifest that we cannot reverse the findings of the county court in these particulars. They are certainly in accord with the weight of evidence. In this view of the case it is unnecessary to notice the other points relied on for a reversal of the judgment.

*By the Court.*— The judgment of the county court is affirmed.